UNITED STATES COURT OF APPEALS

July 8, 2010

TENET CIRCUIT

RICHARD LEE MARTINEZ,

Petitioner - Appellant,

v.

KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 10-1112
(D.C. No. 1:07-CV-00617-CMA)
(D. Colo.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Richard Martinez, a state inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his habeas petition. To obtain a COA, Mr. Martinez must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Because Mr. Martinez has not made such a showing, we deny a COA and dismiss the appeal.

Background

In 2000, a Colorado state jury found Mr. Martinez guilty of the 1979

murder of Pamela Powers.  Martinez v. Milyard, No. 07-cv-00617-CMA, 2010 WL 965536 at *1-2 (D. Colo. Mar. 16, 2010).  The state trial court sentenced him to life in prison.  Id. at *2.  The Colorado Court of Appeals affirmed the conviction and the Colorado Supreme Court denied certiorari review.  Id.  In 2003, Mr. Martinez filed a motion for post-conviction relief in state court.  Id.  After appointing counsel, the state court denied some of his claims without a hearing and the rest after a hearing.  Id.  The Colorado Court of Appeals affirmed the denial of post-conviction relief and in 2007 the Colorado Supreme Court again denied certiorari review.  Id.

Mr. Martinez then filed a federal habeas petition under 28 U.S.C. § 2254, alleging that trial and collateral review errors violated his constitutional rights.  1 R. 74-147.  In a detailed opinion, the district court overlooked various procedural bars and denied relief on the merits.  Martinez, 2010 WL 965536 at *1-16.  It also denied a COA.  Id. at *16.

Discussion

Under 28 U.S.C. § 2253(c)(2), an inmate seeking a COA must make "a substantial showing of the denial of a constitutional right."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." <u>Slack</u>, 529 U.S. at 484 (internal quotation marks omitted).

Mr. Martinez requests a COA from this court on four issues. He does not argue that the district court inaccurately identified the facts in this case. Instead he challenges whether the state courts violated federal law given these facts. We look at both his application for a COA and his opening appellate brief to determine the substance of his claims.

First, Mr. Martinez argues that his Fourteenth Amendment right to a fair trial was violated when the court admitted physical evidence gathered at the murder scene where the chain of custody was broken. COA Br. at 2-4; Aplt. Br. at 3. The district court held that this claim was meritless because the error was not so gross as to affect the fundamental fairness of the trial, and alternately, if there was an error, it was harmless because the evidence only showed that Mr. Martinez was present and had sex with the victim, part of Mr. Martinez's defense theory. <u>Martinez</u>, 2010 WL 965536 at *5-7. (Mr. Martinez argued that his ex-wife murdered Ms. Powers after discovering Mr. Martinez and Ms. Powers in bed as part of a drugs-for-sex deal. <u>Id.</u> at *1; 1 R. 210.) Reasonable jurists cannot debate that the district court should have resolved this claim differently.

Second, Mr. Martinez argues that his Fourteenth Amendment right to a fair trial was violated when his ex-wife testified at trial without his permission. COA Br. at 2-4. Mr. Martinez had accused his ex-wife of murdering the victim, but then sought to invoke a spousal privilege preventing his ex-wife from testifying at

trial.  Martinez, 2010 WL 965536 at *7-8.  The district court held that allowing the ex-wife's testimony in response did not affect the fundamental fairness of the trial, and in fact, that it would be unfair not to let her testify under these circumstances.  Id. at *8.  This conclusion is not reasonably debatable.

Third, Mr. Martinez argues that his Sixth and Fourteenth Amendment rights to an impartial jury were violated when the court denied his motions for a change of venue or a continuance to remedy prejudicial pretrial publicity.  COA Br. at 2-4.  Many potential jurors admitted to reading a newspaper article published two days before jury selection that listed prior sexual assault allegations made against Mr. Martinez.  Martinez, 2010 WL 965536 at *1, 8.  The state court excluded all jurors who recalled the prejudicial information found in the article.  Id. at *8-12.  The district court held that Mr. Martinez failed to show, by clear and convincing evidence, that any seated jurors were partial, or that the publicity was so pervasive as to make the trial a circus or nothing more than mob justice.  Id. at *10-12.  Reasonable jurists cannot disagree that this claim thus lacks merit.

Fourth, Mr. Martinez argues that his Confrontation Clause rights were violated when the court admitted the hearsay testimony of a pathologist.  COA Br. at 2-4.  The pathologist testified that one post-mortem test on the victim found her clean of amphetamines and barbiturates, although the pathologist also testified that this test did not conclusively prove or disprove the victim's drug use.  Martinez, 2010 WL 965536 at *13-14.  This testimony apparently undercut Mr.

- 4 -

Martinez's theory of his relationship with the victim.  Id. at *13.

The district court assumed that admitting this testimony was error, but held that its admission was harmless because it did not have a substantial or injurious effect on the jury.  Id. at *14.  Other trial evidence, including Mr. Martinez's inculpatory statements, was strong.  Id.  After reviewing the state record, we conclude that the district court's resolution is not reasonably debatable.

Mr. Martinez also argues that he deserves a COA because Respondents did not produce the state court record within the court's ordered time period and then "the court showed partiality" by granting them a continuance.  COA Br. at 3; 1 R. 312-13, 317.  This litigation conduct has no bearing on whether the state conviction or sentence violated Mr. Martinez's federal rights.

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge